**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

USAA CASUALTY INSURANCE COMPANY,

                Plaintiff,

v.                                    CIVIL ACTION NO.   5:13-cv-10979

JAMES R. ELKINS, III
and JAYME R. ELKINS,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Defendants' *Motion to Dismiss* ("Defs.' Mot.") (Document 7), wherein Defendants challenge Plaintiff's invocation of this Court's diversity jurisdiction.   Upon consideration of the motion, the memorandum in support thereof (Document 8), Plaintiff's response in opposition (Document 12) and the Complaint (Document 1), the Court finds that Defendants' motion should be granted.

**I.**        *BACKGOUND AND PROCEDURAL HISTORY*

James and Jayme Elkins ("Defendants"), owners of a Beckley residence, purchased homeowner's insurance from Plaintiff, USAA Casualty Insurance Company ("USAA").   Among other coverage areas, the policy includes a $216,000 limit of liability for the dwelling.   At some point, Defendants leased their home to an unnamed party and the lessee allegedly used the residence as a site for a clandestine drug laboratory.   On March 18, 2013, the West Virginia Department of Health and Human Resources ("DHHR") directed the Defendants to remediate

their property to remove any alleged contamination of chemicals or chemical residue from the home.[1]   State officials also warned that reoccupation could not occur until the contamination was remediated.   Thereafter, Defendants contacted USAA to "inquire[] . . .  whether the remediation cost would be covered under the insurance policy[.]"   (Compl. ¶12.)   In this case, USAA alleges that Defendants' insurance policy contains a "pollution exclusion."   Consequently, it seeks a declaratory judgment that Defendants' "claim for coverage of the remediation costs or other damages which have been, or will be, incurred as a result of the pollution from the operation of the clandestine drug laboratory" is not covered by the insurance policy.

USAA initiated this case on May 10, 2013, by invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.   USAA alleges that it is a Texas Corporation with a principal place of business outside West Virginia and that Defendants are both West Virginia citizens.   It also alleges that the amount in controversy is in excess of $75,000.

On June 25, 2013, Defendants filed this motion to dismiss.   Although Defendants do not specifically assert the basis of their motion as one made pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the substance of their challenge is to the Court's subject matter jurisdiction.   Defendants argue that USAA has not asserted a factual basis to demonstrate that the requisite amount in controversy has been met.   (Defendants' Memorandum in Support of Motion to Dismiss ("Defs.' Mem.") (Document 8) at 3-6.)   Defendants also argue that should the Court find otherwise, the Court should exercise its discretion not to hear this declaratory judgment action given that "the legal process in the State area has already begun with the issuance of the Letter by the DHHS." (*Id*. at 7.)

---

1    DHHR directed the Defendants to act within thirty days "to begin the remediation process or to demolish or remove the affected property."   (Letter from S. Brandon Lewis, E.R.S. Program Coordinator to James Elkins (March 18, 2013), Compl. Ex.B. (Document 1-2) at 1.)

2

On July 24, 2013, USAA filed its opposition wherein it asserts that Defendants have failed to meet the "heavy burden" of demonstrating that the amount in controversy is not more than $75,000.  Plaintiff also argues that this Court should exercise its discretion to hear this action because there is no parallel court proceeding and the issue relative to insurance coverage is immaterial to the State's admonishment that Defendants remove the contaminants from their property.

## II.    STANDARD OF REVIEW AND APPLICABLE LAW

District courts have diversity jurisdiction over any civil action between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.  Generally, "the 'sum claimed by the plaintiff controls' the amount in controversy determination."  *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)); *Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1016 (4th Cir. 1981) ("Ordinarily the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith.")  In a diversity action, where Defendants seek dismissal by challenging the alleged amount in controversy, they "must . . . shoulder a heavy burden.  They must show 'the legal impossibility of recovery' to be 'so certain as virtually to negative the plaintiff's good faith in asserting the claim.'"  (*Id.*) (citing *Wiggins*, 644 F.2d at 1017.)  Where "the plaintiff claims a sum sufficient to satisfy the statutory requirement, a federal court may dismiss only if 'it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed.'" (*Id.*) (quoting *St. Paul Mercury*, 303 U.S. at 289).  The Fourth Circuit, in *Adams v. Bain*, described two distinct ways in which a defendant may challenge subject matter jurisdiction:

3

> First, it may be contended that a complaint simply fails to allege
> facts upon which subject matter jurisdiction can be based. In that
> event, all the facts alleged in the complaint are assumed to be true
> and the plaintiff, in effect, is afforded the same procedural
> protection as he would receive under a Rule 12(b)(6) consideration.
> Second, it may be contended that the jurisdictional allegations of the
> complaint were not true. A trial court may then go beyond the
> allegations of the complaint and in an evidentiary hearing determine
> if there are facts to support the jurisdictional allegations.

*Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982) (footnote omitted); *see also Campbell v. United States*, Civil Action No.2:05-cv-956, 2009 WL 914568, *2 (S.D.W. Va. Apr. 2, 2009).

### III.    DISCUSSION

Defendants do not challenge Plaintiff's allegation that the parties are diverse.   Therefore, the Court is solely left to consider whether Section 1332's jurisdictional amount can be satisfied. In this action, Defendants utilize the first mode of attack, that the complaint fails to allege facts upon which subject matter is based.   Consequently, the Court must assume the Complaint's allegations to be true.    Upon consideration of the parties' written contentions, a review of the Complaint, the Court finds that this case should be dismissed for want of subject matter jurisdiction.

Defendants essentially argue that USAA has couched its jurisdictional allegation on speculative or qualified facts.   Their direct challenge is to Paragraph 14 of the Complaint, wherein USAA alleges that, "[i]t is believed by the Plaintiff that demolition of the residence on this real property is a possible requirement given the contamination discovered."   (Compl.¶ 14.) Defendants assert that USAA's belief does not demonstrate that the degree of contamination will lead to damages in excess of $75,000.   Defendants also assert that the DHHR has mentioned that demolition of the property is an option.   It did not state that demolition of the home was certain or

4

likely to occur.   Defendants argue that the amount of the contamination and the cost to cure it was not included in the DHHR letter and USAA has not included any such data.   According to Defendants, the absence of such information is a fatal error and the question of the jurisdictional amount cannot be determined.

In response, USAA argues that this dispute was triggered by the DHHR letter that the residence be remediated or demolished and that it has not been advised whether the house has been remediated or whether Defendants intend to do so.   According to USAA, demolition is a possible outcome which leads to the "possib[ility]" that Plaintiff "will ultimately be required to pay [an amount] greater than $75,000" if it is determined that the policy's pollution exclusion is not applicable in this case.   Plaintiff further asserts that if the house is a total loss through demolition or because it cannot be remediated, it may be forced to pay the dwelling policy limit, which is in excess of the jurisdictional amount.   Plaintiff argues that under the insurance policy at issue, Defendants' property is fully insured for $216,000.

As an initial matter, this Court finds that the Defendants' policy limit is immaterial to the jurisdictional amount determination.   "In actions seeking declaratory . . . relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).   As stated above, Plaintiff seeks a declaration that Defendants' insurance policy does not provide coverage for remediation or demolition costs or damages for the impact of the chemicals and chemical residue that remains on Defendants' property as a result of the illegal drug laboratory.   In insurance policy related cases, a determination of the amount in controversy varies.   For instance,

5

> [I]n a declaratory judgment action calling into question the validity of a contract of insurance such as when the insurer contends the policy is lapsed for nonpayment of premiums, the amount in controversy is the face amount of the policy, but that the rule is otherwise where the question is the applicability of the policy to a particular occurrence.   In the latter event, the amount in controversy is the value of the underlying claim, not the face amount of the policy.

*Darbet, Inc. v. Bituminous Casualty Co.*, 792 F.Supp. 487, 488-89 (S. D. W. Va. 1992) (citing 14AWright, Miller & Cooper, Federal Practice and Procedure, § 3710, pp. 166-67); *see Erie Insurance Property and Casualty Co. v. Smith*, Civil Action No. 5:05-cv-1137, 2006 WL 2591127 (S.D. W. Va. Sept. 8, 2006) (Johnston, J.) (considering a declaratory judgment action and the value of the object of the litigation and explaining that "[w]here a party seeks a declaration that a particular insured's loss is exempted from coverage, as opposed to the validity of the policy itself, the amount-in-controversy is the value of the underlying claim, not the face value of the policy.") Given the factual allegations in this case, the jurisdictional amount will be measured by the value of the underlying claim.

Next, the Court agrees with Defendants that USAA has not shown that this case involves a controversy that exceeds $75,000.   The value of the underlying claim concerns the applicability of the insurance policy to the particular occurrence, or here, the damage to the home that resulted from the alleged drug laboratory.   There are no alleged facts relative to the value of the claim lodged by Defendants or whether they sought the entirety of the policy to remediate or demolish their home.   Likewise, the Complaint is devoid of any allegation with respect to how much the remediation will likely cost, the extent of the damage, whether the home will require demolition, or the appraised value of the home, should it be demolished.   There are also no allegations regarding the cost of such demolition.

6

While it is true USAA has alleged that the amount in controversy exceeds $75,000, when this barebones allegation was challenged, Plaintiff did not support the jurisdictional amount. USAA is the master of its Complaint and wholly sought the relief of this Court. The burden is on USAA to demonstrate, when challenged, the jurisdictional amount.  Plaintiff has not done so. Indeed, a searching review of the Complaint does not yield much support for the general allegation that the jurisdictional amount is satisfied.   Paragraph 14 of the Complaint is the only allegation that could possibly lend support to the assertion that this matter concerns a dispute in excess of $75,000, exclusive of interest and costs.   Assuming this allegation to be true, the allegation does little more than present demolition as a possible outcome if remediation is not cured.   As Defendants asserted, the DHHR has not ordered this action yet.   Therefore, it remains the possibility that Defendants will be able to remediate their house to remove the contaminants to avoid demolition.   It also remains a possibility that such effort would cost less than $75,000.   As the Court has stated above, there is no additional information in the Complaint about the extent of damage to the home and the approximate cost of curing the damage.   Consequently, upon consideration of the Complaint and the parties' written submissions, the Court finds that the Complaint does not support a finding that the requisite jurisdictional amount may be met in this case. Therefore, Defendants' motion is granted and this case is dismissed for want of subject matter jurisdiction.[2]

2    Given this disposition, the balance of Defendants' motion will not be considered because it is moot. However, the Court takes this opportunity to point out that the Defendants' argument, that if the Court found the jurisdictional amount had been satisfied, it should exercise its discretion to not hear this matter given that "the legal process in the State area has already begun with the issuance of the Letter by the DHHR", lacked any and all merit inasmuch as it had no connection (factually or otherwise) to the factors the Court would have been legally required to consider.

### IV.    CONCLUSION

For the foregoing reasons, the Court does hereby **ORDER** that Defendants' *Motion to Dismiss* ("Defs.' Mot.") (Document 7) be **GRANTED**.   The Court **FURTHER ORDERS** that this matter be **DISMISSED WITHOUT PREJUDICE** and removed from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:        September 24, 2013

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

8